FRANKEL, Respondent, v. MATHEWSON, etc., Appellant.

**St. Louis Court of Appeals, April 14, 1908.**

1. **PARTIES: Representative Capacity.** Where services were rendered by a member to a local lodge of a fraternal order, neither of which was shown to have been incorporated, the custodian of the funds of the order was not liable in an action for the value of such services brought against him in his representative capacity, although the claim for such services was allowed by the lodge and the funds appropriate for the purpose of its payment were in the hands of such custodian.

2. **FRATERNAL LODGES: Revoking Warrant.** The action of a lodge of a fraternal society ordering a warrant drawn for the payment of a debt is not irrevocable.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED.

*Robert S. Rutledge, E. F. Sharp* and *Lawrence W. Fisher* for appellant.

(1) The court erred in permitting plaintiff to offer any testimony whatever under the pleadings filed in this case. R. S. 1899, sec. 1412; R. S. 1899, sec. 3852; R. S. 1899, sec. 3853; Bank v. Doak, 75 Mo. App. 332; Dunn v. Railroad, 70 Mo. 661; Moffit-West Co. v. Crider, 124 Mo. App. 109; Rechnitzer v. Voglesang, 117 Mo. App. 148; Beall v. Graham, 125 Mo. App. 38. (2) The statement as filed herein did not state a cause of action against defendant. Railroad v. Reynolds, 89 Mo. 146;

Rechnitzer v. Voglesang, 117 Mo. App. 148; Beall v. Graham, 125 Mo. App. 38. (3) The court erred in refusing to give the instructions asked for by defendant. The court should have given instruction number 2, asked by defendant. Under the pleadings and evidence plaintiff was not entitled to recover, and the verdict should have been for defendant. R. S. 1899, sec. 866; Joy v. Cale, 124 Mo. App. 569.

*Henry C. Riley, Jr.,* for respondent.

When suit is upon a written instrument, the statute requires that it shall be filed with the justice. But if the subject-matter is such that it may be stated in an account, the plaintiff need not sue on the contract and may state his case as an account, the contract being evidence in his behalf. Scale & Foundry Co. v. Furnace Co., 113 Mo. App. 566. In a suit on account for work and labor or services of any kind it is sufficient proof of the account to entitle plaintiff to recover, if it be shown that the work and labor or services rendered, were under a special contract to pay so much per day, week or month, or a specific sum for the entire service; or failing in that, if it appear there was a contract of employment, but none as to compensation, still the plaintiff ought to be permitted to recover if he shows by evidence what such services were reasonably worth. Lamon v. Loyd, 46 Mo. App. 452; Walker v. Gutherie, 102 Mo. App. 420. Where words in the declaration follow the name of the party, whether they will be deemed descriptive of the person, or descriptive of the character or capacity in which he is sued, is determined by the allegations in the declaration. Rich v. Sowles, 15 L. R. A. 850.

GOODE, J.—This action was instituted by filing the following account before a justice of the peace:

"$72.00 — the amount due M. Frankle from the Woodmen of the World for six years' service as collector of dues for Camp 294, New Madrid, against A. G. Mathewson, Banker of Catalpa Camp, 294."

The justice issued a summons commanding the constable "to summon A. G. Mathewson, Banker New Madrid Camp, Number 294, W. O. W. to appear" before the justice of the peace at the time and place named and answer the "complaint of M. Frankle, founded upon account for six years' services as collector of dues and wherein he demands seventy-two dollars." The constable made this return:

"I hereby certify that I served the within writ by reading it to A. G. Mathewson, on the 23d day of September, 1905, in New Madrid Township, New Madrid county, Missouri."                     LOUIS BLOCK,
                                          Constable."

Judgment by default was rendered in the justice's court and an appeal taken by Mathewson to the circuit court where there was a trial by jury. At the inception of the trial the attorney for defendant objected to any testimony to show the Woodmen of the World owed plaintiff under his statement "because the case was against Mathewson. The court overruled the objection, saying it was a question for the jury, and an exception was saved. The facts out of which the case arose, according to the testimony for plaintiff, were that plaintiff was a member of Catalpa Camp, New Madrid, a subordinate lodge of an organization known as the Woodmen of the World. Buesching was clerk of the camp and attended to the collection of dues from members. Buesching was paid for his clerical duties, but as he was out of town much of the time, he asked Frankle, a business man of New Madrid, to act as collector. Frankle swore the camp elected him "Banker of the

Camp," so that he was both clerk and banker according to the by-laws of the Sovereign Camp of the Woodmen of the World. It is the duty of the clerk of a camp to receive all moneys due, and pay the same to the banker, and of the latter to receive the funds from the clerk and pay warrants drawn by the clerk and attested by the consul commander. Frankle swore he was elected banker for six years and also attended to the collection of dues for six years. Not wanting to serve longer, the camp then elected defendant Mathewson. He testified, too, the understanding was the camp was to pay him for his services as collector. We may say his testimony supports the theory that there was some kind of agreement, formal or informal, to pay him. At the end of six years he presented a bill for one hundred dollars for his services as collector during the entire time, and the minutes of the camp show the bill was considered at a meeting and finally twelve dollars a year or seventy-two dollars in all was allowed plaintiff by vote. This meeting was held March 23, 1905. The clerk made out a warrant for plaintiff covering said amount, but at the next meeting on March 30th, a motion was adopted directing W. W. Waters, who it seems was then the banker, not to honor the warrant as the camp considered it illegal and not in conformity to the by-laws. At this time the minutes show defendant A. G. Mathewson was Sovereign Banker of the Camp. The warrant drawn in plaintiff's favor and subsequently revoked, reads as follows:

"No. 242. Form. 47. Clerk's order on Banker, $72.00.

"Woodmen of the World, to W. W. Waters, Banker Camp No. 294. Pay to M. Frankle, or order, seventy-two dollars and charge same to general fund.

"W. BUSCHING, Clerk.

"JAMES BROOKS, Consul Commander.

"For making collections of dues and assessments for this camp for six years up to December 31, 1904.

(Dated) March 23, 1905."

Plaintiff presented his warrant to Mathewson and the latter refused to pay it. The record is confusing as to the offices held by defendant. He appears to have been both sovereign of the camp and banker. It is in the latter capacity that he is sued; but the minutes recite that Waters was banker and he was instructed to refuse payment of the warrant. Plaintiff swore the lodge allowed the demand and as Mathewson had the money on hand to pay it, he sued him. The court instructed the jury that if they found plaintiff performed the duties of collector for the Woodmen of the World, and the services were requested by the special agents of the lodge through its officers, and were reasonably worth seventy-two dollars, and the sum had not been paid, the verdict should be for plaintiff. Further, that if the lodge of the Woodmen of the World contracted and agreed with plaintiff for him to act as collector for six years or more, and the order issued a warrant to him for seventy-two dollars, the lodge could not, at a subsequent meeting, cancel the order; and if defendant had in his hands as banker, an amount sufficient to pay the warrant when the same was presented for payment, the verdict should be for plaintiff. From a verdict and judgment in favor of plaintiff defendant appealed.

We know of no principle of law on which the judgment in this case can be affirmed. There is an absence of proof in the record as to whether either the Woodmen of the World or Catalpa Lodge is incorporated. It looks like the services were rendered for the local lodge, which we suppose is a subordinate lodge of the main order. The instructions allowed a recovery on the theory that defendant had rendered services for the Woodmen of the World and was entitled to be paid by it. If this was true, the judgment cannot be sup-

ported, because the action is not against the Woodmen of the World, which was neither summoned nor appeared. The summons was to Mathewson as an individual and the account was against him as banker of New Madrid camp. If said camp is a separate corporation, it was not sued, and if it is a voluntary association, other questions would arise. In said contingency defendant would be liable only in his individual capacity and as being one of the persons who agreed to pay plaintiff for the latter's services. Liability on the part of defendant as an individual is disclaimed, plaintiff's counsel insisting on his liability in a representative capacity as custodian of the funds of the order. Moreover, as plaintiff himself was one member of the voluntary association (if it was such) it is doubtful if he could sue a co-member at law on a demand owed by all the members. The idea that plaintiff was entitled to a judgment against him as banker of Catalpa Lodge because he had money of the order in his hands, and a warrant had been ordered in favor of plaintiff by said lodge, is wholly untenable. Perhaps said warrant ought to be paid. As to that we say nothing more than that some other party besides Mathewson is entitled to a day in court on the question. If, as the instructions assume and plaintiff's counsel contends, it is the corporation known as the Woodmen of the World, said corporation is entitled to its day in court. If Catalpa camp owes plaintiff and is an incorporated body, it should be sued. According to the minutes when the order directed the banker to pay the warrant, W. W. Waters was banker. Under no conceivable theory can the present judgment against defendant be upheld.

One of the instructions carries the idea that after the warrant had been ordered by the lodge it could not lawfully be revoked, and the banker was bound to pay it despite the subsequent order to refuse payment. This case is not on the warrant, but on an open account for

services against Mathewson. However, it is not he, in any contingency, who owes plaintiffs, nor could an action be maintained against him as an officer, and, practically, an agent, of the lodge, for refusing to pay a warrant ordered by the lodge for a debt it or the order owed, and which afterwards he was directed not to pay. The action of the lodge in ordering the warrant was not irrevocable and it must be heard on the question of its right to revoke.

The judgment is reversed. All concur.